## In re BREWSTER.

Court of Appeals of District of Columbia.
Submitted May 10, 1927. Decided
May 26, 1927.

### No. 1950.

Patents ⬤==36(1), 62(1)—Application for patent for method and apparatus of obtaining strong solutions of acetic acid held anticipated, and not disclosing invention.

Application for patent for method of obtaining strong solutions of acetic acid from weak solutions by use of a counter current extractor *held* anticipated, and not to disclose invention.

Appeal from the Commissioner of Patents.

In the matter of the application of Theodore J. Brewster for a patent. From a decision of the Commissioner of Patents, denying the application, applicant appeals. Affirmed.

C. W. Fairbank, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Patent Office, refusing to allow claims Nos. 1 to 14, inclusive, covering a method and apparatus for practicing it.

The method involved relates to the obtaining of strong from weak solutions of acetic acid, and consists in flowing the acetic acid solution, to be concentrated, counter current to ether or other solvent, for acetic acid, which is substantially immiscible with water, removing the ether-acetic acid solution at one end of the column, removing the exhausted liquid at the other end of the column, subjecting the ether-acetic acid solution to distillation to separate the ether, condensing and returning the ether for re-use, driving off any ether carried in the exhausted liquor from step by distillation, and returning this ether also for re-use.

The principal reference is the German patent to Goering, dated July 9, 1884. The Primary Examiner, an expert in this art, considered this reference with great care and concluded as follows:

"The main argument urged against Goering is that the process is of such commercial value that, if Goering disclosed it clearly, it would surely have been used. Why a described process does not go into use may be due to a great variety of reasons, such as reluctance to scrap present plants, no knowledge of the patent process in spite of the fact of the legal presumption of knowledge, lack of belief that it is practical or an improvement, and numerous other reasons. Whatever be the reason, all that the Examiner can see that applicant has done is to try out a process clearly and fully disclosed by Goering, and find that it works very efficiently. Trying out a described process is not invention."

The Examiners in Chief again considered Goering and other references, and affirmed the decision of the Examiner. On the question of the patentability of the apparatus, the board said:

"As Goering does not attempt to disclose an apparatus, he evidently understood, and we believe correctly, that any chemist would be able, from his disclosure as to the use of a counter current extractor, to supply suitable apparatus from the known art."

On appeal the Commissioner carefully considered the case and affirmed the decision of the Board. We have considered the record, in the light of applicant's brief and oral argument, and are constrained to the view that the decision of the Patent Office was right. Since it would serve no useful purpose to restate the reasons fully set forth by the tribunals of the Patent Office, we refrain from so doing, and affirm the decision.

Affirmed.